# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**ROBBIE JOHNSON**                                                                    **PLAINTIFF**

**VS.**                                                          **CIVIL ACTION NO. 4:18-cv-00065-DMB-JMV**

**QUALITY RESTAURANT CONCEPTS, LLC**
**d/b/a APPLEBEE'S NEIGHBORHOOD**
**GRILL AND BAR, JANE DOE and KATHY SEZNACK**         **DEFENDANTS**

## AGREED PROTECTIVE ORDER

This matter comes before the Court on stipulation of the parties as evidenced below. The following provisions shall govern Plaintiff, Robbie Johnson, individually, and also on behalf of Defendant, Quality Restaurant Concepts, LLC d/b/a Applebee's Neighborhood Grill and Bar, Jane Doe and Kathy Seznack.

1. In response to discovery in this matter, certain party/ies may identify or have identified responsive materials that it considers confidential, proprietary, and sensitive, and that that it wishes to protect from dissemination outside the confines of this litigation. This Order shall control the disclosure and dissemination of such documents and information, and shall apply to all parties in this case and to other persons as described herein.

2. Until further order of the Court or stipulation of the parties to this action, all disclosures, depositions, documents, and tangible things, including answers and responses to interrogatories, responses to requests for production of documents or admissions, depositions of employees, former employees, doctors, witnesses or consultants (hereinafter collectively referred to as "information"), shall be subject to this Order.

3. The disclosing party shall designate as confidential information that it has produced or will produce only after a determination that the information should be protected from disclosure as sensitive, confidential, or proprietary.

4. In making disclosures or responding to written discovery, the disclosing party may so designate any portion of its response which contains information considered confidential by marking the material as "Confidential - this is subject to the Protective Order" or "Confidential."

5. Within five (5) days of receiving the transcript of any deposition, the disclosing party shall designate any testimony confidential by notifying opposing counsel in writing of the page and line numbers of the testimony deemed confidential. If the disclosing party fails to do so within five (5) days after receiving the transcript, the deposition shall be deemed not confidential.

6. Except with the prior written consent of counsel for the disclosing party, confidential information may be shown or disclosed only to the following persons:

   a. Any counsel assisting in the prosecution or defense of this action;

   b. Employees of counsel assigned to and necessary to assist counsel in the preparation of this action;

   c. Independent experts and consultants retained by counsel whose assistance is deemed necessary by counsel for the prosecution or defense of this action, and employees of such experts and consultants necessary to assist such persons in performing their duties; and

   d. Named parties to the case.

7. At the conclusion of the action, counsel for the parties will return all copies of the documents marked "Confidential" to the disclosing party, or make reasonable efforts to destroy same.

8. Any such documents or information shall be used only for the purpose of litigating this action.

9. Any recipient of such confidential materials shall not disclose the same to any other person to whom disclosure is not authorized by the terms of the Protective Order. Any recipient of such confidential information shall exercise reasonable and appropriate care with regard to the

storage, custody and/or use of such confidential information in order to ensure that the confidential nature of the same is maintained consistent with this Order.

10. Counsel for the parties in this action who receive such confidential information, prior to receipt thereof, shall be furnished with a copy of this Protective Order, and shall execute an acknowledgment letter, certifying that he/she will not use any such confidential information in any way whatsoever except as allowed pursuant to this Order and agrees to be bound by its terms.

11. If any party wants to file something on the docket that is claimed to be confidential by the designating party, then that party shall give 3 days' notice to the designating party of its intent, and the designating party may file a Motion to Seal, following the dictates of L.U.Civ.R. 79. If the Court denies the Motion to Seal, then, after waiting 3 days from the date of the Order Denying Motion to Seal, any party may use the document(s) that are the subject of the Motion to Seal for any purpose in the case.

12. Nothing contained in this Order shall relieve any party from his/her obligations under Rule 11 of the Federal Rules of Civil Procedure.

13. No party or their respective counsel, experts, or other persons retained by them to assist in the preparation of this action shall under any circumstances, sell, offer for sale, advertise, or publicize the contents of confidential information.

14. The terms of this Order shall remain confidential and this Order shall not be used, disclosed, or cited by any party hereto in connection with any other proceeding, except in connection with a motion seeking enforcement of the provisions of this Order.

Notwithstanding anything to the contrary within this Order, the use of confidential documents at any hearing or trial of this matter will be at the discretion and controlled by the presiding judge.

SO ORDERED AND ADJUDGED, this the __14th__ day of __November__, 2018.

_____
U.S. MAGISTRATE JUDGE

AGREED AND APPROVED:

_Tangala Hollis y permission LWM_
Tangala L. Hollis, Esq. (MSB #103301)
*Attorney for Plaintiff*

_Lisa Williams McKay_
Lisa W. McKay, Esq. (MSB #9678)
*Attorney for Defendant*

4