IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ROBBIE JOHNSON                                                                                    PLAINTIFF

V.                                                                                    NO. 4:18-CV-65-DMB-JMV

QUALITY RESTAURANT CONCEPTS,
LLC d/b/a Applebee's Neighborhood Grill
and Bar, et al.                                                                                  DEFENDANTS

## ORDER STRIKING AFFIDAVIT

Before the Court is Quality Restaurant Concepts, LLC's motion to strike the affidavit of Dr. Hubert E. Spears, which was filed by Robbie Johnson in opposition to Quality Restaurant's motion for summary judgment. Doc. #50.

## I
## Procedural History

On January 29, 2018, Robbie Johnson filed a complaint in the Circuit Court of Grenada County, Mississippi, against Quality Restaurant Concepts, LLC d/b/a Applebee's Neighborhood Grill and Bar; Jane Doe; and Kathy Seznack. Doc. #9-2. The complaint alleges Johnson was injured after consuming a salad that contained a toothpick at Applebee's. *Id*. at 3. On March 14, 2018, Quality Restaurant removed the state court action to the United States District Court for the Northern District of Mississippi, based on diversity jurisdiction.[1] Doc. #1.

On April 27, 2018, a case management order was issued which, among other things, set July 26, 2018, as Johnson's deadline to designate expert witnesses and October 26, 2018, as the

---

[1] Quality Restaurant alleged that the amount in controversy exceeds $75,000, Johnson is a Mississippi citizen, Quality Restaurant's members are Alabama citizens, and Seznack—another Mississippi citizen—was fraudulently joined to defeat diversity jurisdiction. Doc. #1; Doc. #4. The parties subsequently stipulated to Seznack's dismissal without prejudice. Doc. #58. To the extent Seznack joined Quality Restaurant in certain filings before her dismissal, the Court does not mention her below in discussing such filings.

discovery deadline. Doc. #13 at 4. On July 25, 2018, Johnson filed a notice certifying that she served on the defendants "Plaintiff's Designation of Experts." Doc. #21. On August 7, 2018, the discovery deadline was extended to December 7, 2018. Doc. #24.

On December 21, 2018, Quality Restaurant moved for summary judgment. Doc. #44. In its accompanying memorandum, Quality Restaurant argues Johnson "has presented <u>no</u> evidence that the … salad … contained a toothpick or that she swallowed a toothpick at Applebee's." Doc. #45 at 7. On January 8, 2019,[2] Johnson filed a response in opposition to the motion for summary judgment. Doc. #47. Two days later, on January 10, 2019, Johnson filed an "Affidavit [of Dr. Hubert E. Spears] in Opposition to Motion for Summary Judgment" ("Spears Affidavit"). Doc. #49. In the affidavit, Spears avers "that [it] is more likely than not that Mrs. Johnson ingested the subject toothpick within 24 hours before she began having symptoms of abdominal pain and nausea." *Id*. at 1.

On January 15, 2019, Quality Restaurant moved to strike the Spears Affidavit, arguing that Johnson "seeks to add an <u>additional</u> opinion of Dr. Spears, many months past the time for designating expert opinions and … after the close of discovery." Doc. #50 at 1–2. The same day, Quality Restaurant replied in support of its summary judgment motion. Doc. #52. Johnson filed a response opposing the motion to strike on January 23, 2018. Doc. #53. Quality Restaurant replied five days later. Doc. #55.

## II
## <u>Discussion</u>

Quality Restaurant asks the Court to strike the Spears Affidavit as an untimely new expert opinion and as noncompliant with "the standards set forth in Federal Rules of Evidence 702 and by the Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals* …." Doc. #50 at 2. Johnson

---

[2] The Court granted Johnson a requested extension to file a response to the summary judgment motion. Doc. #59.

2

argues the Spears Affidavit contains no new opinions, "supplements the opinions … in her Expert Designation," and "was timely, as no *Daubert* hearing has been set, [and] no new opinions were submitted …." Doc. #53 at 3, 5.

### A. Timeliness of Spears Affidavit

Federal Rule of Civil Procedure 26(a)(2)(A) requires that "a party … disclose … the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." If such witness is not required to provide a written report pursuant to Rule 26(a)(2)(B), Rule 26(a)(2)(C) requires that the disclosure state the subject matter and a summary of the facts and opinions on which the witness is expected to present evidence.[3] Rule 26(e)(1) requires a party who has made a disclosure under Rule 26(a) to supplement or correct its disclosure "if the party learns that in some material respect the disclosure … is incomplete or incorrect …." Additionally, and of particular relevance here, Local Uniform Civil Rule 26(a)(5) requires that disclosures be supplemented under Rule 26(e) "no … later than the discovery deadline established by the case management order."

The Spears Affidavit, which opines on the timing of ingestion, is outside the scope of Spears' expert designation, which was indisputably limited to opinions related to the injuries caused by the toothpick.[4] Furthermore, Johnson filed the Spears Affidavit on January 10, 2019— approximately six months after her July 26, 2018, deadline to designate expert witnesses, and approximately five weeks after the December 7, 2018, discovery deadline. To the extent the

---

[3] During a recent status conference, Johnson's counsel advised that Dr. Spears was designated as a treating physician, is not a retained expert, and did not prepare an expert report.

[4] The designation was not filed or otherwise submitted to the Court but the parties have represented its contents. *See* Doc. #53 at 3 ("Specifically, Plaintiff's Expert Designation provides in pertinent part: 'Further, Dr. Spears is expected to testify that Plaintiff's injuries were proximately caused by the ingesting of a foreign object, which was found to have been a toothpick.'"); *see also* Doc. #50 at 2 ("Plaintiff's July 26 Designation of Experts offered no such opinion.") (emphasis omitted).

affidavit was intended to supplement Johnson's initial designation, it is untimely. In short, the affidavit is either an undisclosed opinion or an untimely supplement.[5] Accordingly, the Spears Affidavit will be stricken.[6]

### B. Admissibility Pursuant to *Daubert*

Having determined the Spears Affidavit will be stricken as an undisclosed opinion or untimely supplement, the Court will not reach Quality Restaurant's additional ground for striking the affidavit—that the affidavit "does not meet the standards set forth in Federal Rules of Evidence 702 and by the Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S., 579 (1993)." Doc. #50 at 2.

### III
### Conclusion

Quality Restaurant's motion to strike [50] is **GRANTED** and, accordingly, the Spears Affidavit [49] is **STRICKEN**.

**SO ORDERED**, this 26th day of June, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[5] A treating physician such as Spears may only offer opinions based on facts acquired during the course of treatment. *Hughes v. Gaetan*, No. 4:17-CV-18, 2018 WL 5269369, at *2 (N.D. Miss. Oct. 23, 2018). A review of Johnson's medical records attached as an exhibit to her summary judgment response reveals no opinion by Spears about when Johnson swallowed the toothpick. *See* Doc. #47-1.

[6] Johnson asserts that striking an untimely disclosure is only appropriate after weighing four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party in allowing the evidence; (3) the possibility of curing the prejudice through a continuance; and (4) the explanation for the failure to disclose. Doc. #54 at 5. Quality Restaurant does not mention these factors in its initial motion. Johnson is correct that these four factors generally determine the fate of late-disclosed evidence. *See Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004). However, even considering Johnson's arguments on the factors, the affidavit's fate remains the same. The affidavit is important because it addresses the heart of Quality Restaurant's summary judgment argument that Johnson cannot establish causation. But Quality Restaurant would likely be prejudiced to the extent the time within which it could rebut the affidavit's opinion, or challenge it on *Daubert* grounds, has already expired. And while any prejudice to Quality Restaurant could possibly be cured by a continuance, the Court is not inclined to continue trial where Johnson does not argue the affidavit is based on information not previously available and admittedly filed the affidavit in the attempt to defeat summary judgment. *See id*. at 883–84 (continuance unwarranted where failure to exclude would prejudice opposing party and explanation for disclosure was insufficient).

4