**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**ROBBIE JOHNSON**                                                                           **PLAINTIFF**

**V.**                                                                        **NO. 4:18-CV-65-DMB-JMV**

**QUALITY RESTAURANT CONCEPTS,**
LLC d/b/a Applebee's Neighborhood Grill
and Bar, et al.                                                                          **DEFENDANTS**

**OPINION AND ORDER**

Before the Court is Quality Restaurant Concepts, LLC's motion for summary judgment. Doc. #44.

**I
Summary Judgment Standard**

"Summary judgment is appropriate where there is no genuine issue of material fact and the parties are entitled to judgment as a matter of law." *Sec. & Exch. Comm'n v. Arcturus Corp.*, 928 F.3d 400, 409 (5th Cir. 2019). "A movant for summary judgment need not set forth evidence when the nonmovant bears the burden of persuasion at trial." *Wease v. Ocwen Loan Servicing, L.L.C.*, 915 F.3d 987, 997 (5th Cir. 2019). Rather, the moving party "may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Id*. While, "[a]ll reasonable inferences must be drawn in favor of the nonmovant, … a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Arcturus Corp.*, 928 F.3d at 409 (quotation marks omitted).

**II
Factual Background**

On Sunday, June 11, 2017, Robbie Johnson ordered a Caesar salad at an Applebee's

restaurant in Grenada, Mississippi. Doc. #47-3 at 27–28, 29; Doc. #44-2 at 19. Johnson, who had eaten only some fruit earlier in the day, thought the salad "tasted good and didn't seem … weird in any way." Doc. #44-2 at 20; Doc. #44-3 at 23. At 3:00 a.m. or 4:00 a.m. the next morning, Johnson woke up sweating and with stomach pain. Doc. #44-3 at 24. When the pain worsened, Johnson made an appointment to see a doctor on June 13, 2018. *Id*. A subsequent CT examination of Johnson's abdomen revealed a "4 cm foreign body" in the small bowel. Doc. #47-1 at PageID #244.[1] Johnson underwent abdominal surgery on June 15, 2017. *Id*. at PageID #238. During the procedure, a surgeon removed a toothpick from Johnson's small bowel. *Id*. at PageID #237.

The Applebee's location at issue did not stock or use toothpicks. Doc. #52-1 at ¶ 4. The kitchen did, however, use "frill picks" to measure the temperature of meat. *Id*. These items, which were stored on the opposite end of the kitchen from the salad preparation area, "are 10 cm. in length, completely cylindrical, about three times the size of a regular tooth pick in circumference and have plastic 'frills' at the top that are color coded …." *Id*.

### III
### Procedural History

On January 29, 2018, Johnson filed a complaint in the Circuit Court of Grenada County, Mississippi, against Quality Restaurant Concepts, LLC d/b/a Applebee's Neighborhood Grill and Bar; Jane Doe; and Kathy Seznack. Doc. #9-2 at 1. The complaint alleges Johnson was injured after consuming a salad that contained a toothpick at Applebee's. *Id*. at 2–3. On March 14, 2018, Quality Restaurant removed the state court action to the United States District Court for the Northern District of Mississippi on the basis of diversity jurisdiction.[2] Doc. #1.

---

[1] For composite exhibits, the Court cites the CM/ECF PageID number.

[2] Quality Restaurant alleged that the amount in controversy exceeds $75,000, Johnson is a Mississippi citizen, Quality Restaurant's members are Alabama citizens, and Seznack—another Mississippi citizen—was fraudulently joined to

On December 21, 2018, Quality Restaurant moved for summary judgment. Doc. #44. The motion is fully briefed. Docs. #47, #52.

**IV**
**Analysis**

Johnson's complaint asserts claims for negligence and breach of the implied warranty of merchantability. Doc. #2 at 3–4. Quality Restaurant argues these claims must fail because Johnson "has presented no evidence that the Caesar salad at Applebee's contained a toothpick or that she swallowed a toothpick at Applebee's." Doc. #45 at 7. As support for these contentions, Quality Restaurant points to the unrebutted[3] reports of two experts—Claude Minor, Jr. and Roger Huey— who both opined that, because objects move through digestive tracts in different ways, the onset of symptoms is not a reliable method for determining the date of ingestion. *See* Doc. #44-1 at 191, 198–99. Both experts also opined that due to the uncertainty of digestion and the presence of numerous adhesions in Johnson's bowels, "[i]t is no more likely" for Johnson to have swallowed the toothpick at Applebee's than at any other point in time. *Id*.

Johnson responds that there is a genuine issue of material fact as to whether she consumed the toothpick at Applebee's because she "had only consumed a piece of fruit on the day in question, prior to eating the salad at Applebee's. She did not consume any other food on 6/11/2017, nor did she eat anything else for three (3) days subsequent to eating the salad at Applebee's." Doc. #48 at 5. These arguments all rest on the same assumption—that the onset of symptoms for ingestion of a foreign object is evidence that the object was ingested recently. There is, however, no evidence

---

defeat diversity jurisdiction. Doc. #1 at 2–3; Doc. #4 at 2–5. The parties subsequently stipulated to Seznack's dismissal without prejudice. Doc. #58.

[3] In response to the motion for summary judgment, Johnson submitted the expert affidavit of Dr. Hubert Spears, which opined "[it] is more likely than not that Mrs. Johnson ingested the subject toothpick within 24 hours before she began having symptoms of abdominal pain and nausea." Doc. #72 at 2. The document was stricken as an undisclosed opinion or untimely supplement. *Id.* at 4.

to support this assumption. To the contrary, the only two experts in this case directly refute the notion.

Federal law[4] is clear that "[a] non-movant will not avoid summary judgment by presenting speculation, improbable inferences, or unsubstantiated assertions." *Lawrence v. Fed. Home Loan Mortg. Corp.*, 808 F.3d 670, 673 (5th Cir. 2015) (quotation marks omitted). Consistent with this rule, no federal court appears to have found a genuine issue of material fact as to consumption based on onset of symptoms alone. *Cf., e.g., Bailey v. GMRI, Inc.*, No. 04-406, 2005 WL 1355063, at *1–2 (S.D. Ala. June 3, 2005) (genuine issue of fact as to consumption where plaintiff fell ill the next day, expert testified timing was "consistent with ingestion" on the day in question, and plaintiff ordered food which was sometimes prepared with toothpicks); *Franks v. NEB, LLC*, No. 12-cv-83, 2013 WL 12201391, at *2 (D. Wy. Apr. 17, 2013) (genuine issue of fact as to consumption where plaintiff fell ill the next day and found two toothpicks in sandwich before eating it).

In the absence of any evidence linking the onset of symptoms to time of consumption, this Court, to find a genuine issue of material fact in this case, would have to speculate that a toothpick unused in the Applebee's kitchen found its way into Johnson's salad (a dish which did not include toothpicks), that Johnson did not notice the item in her food, and that Johnson did not notice chewing and swallowing the toothpick. This type of rampant speculation is insufficient to defeat summary judgment. *See Cardenas v. Maslon*, 93 F. Supp. 3d 557, 569 (N.D. Miss. 2015) ("While this Court must view the evidence in the light most favorable to the non-moving party and allow all reasonable inferences therefrom, it should not pile inference upon inference such that it crosses

---

[4] In a diversity action, "[t]he determination of whether a genuine issue of fact exists and … whether summary judgment is appropriate … is a matter of federal law." *Impossible Elec. Techniques, Inc. v. Wackenhut Protective Sys., Inc.*, 669 F.2d 1026, 1036 n.10 (5th Cir. 1982). However, "[w]hat facts are material to a particular claim or issue of substantive law in a diversity case is a matter of state law." *Id*.

into speculation.") (alterations omitted). Accordingly, Johnson has failed to show a genuine issue of material fact as to whether her Applebee's salad contained a toothpick and, therefore, her claims fail.

## V
## Conclusion

Quality Restaurant's motion for summary judgment [44] is **GRANTED**. A final judgment will issue separately.

**SO ORDERED**, this 16th day of August, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**